**JUDGE BATTS**

'08 CIV 4226

Patricia A. O'Connor (PO-5645)
BRODY, O'CONNOR & O'CONNOR, ESQS.
Attorneys for Defendants
7 Bayview Avenue
Northport, New York 11768
(631) 261-7778

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BELLA G. UY and WILLIAM UY,



                Plaintiffs,

  -against-                              **NOTICE OF REMOVAL**

WAL-MART STORES, INC.,

                Defendant.
------------------------------------------------------------X

**TO THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK:**

      Defendant, WAL-MART STORES EAST, LP i/s/h/a WAL-MART STORES, INC., for the removal of this action from the Supreme Court of the State of New York, County of Bronx, to the United States District Court for the Southern District of New York, respectfully shows this Honorable Court:

      FIRST: Defendant, WAL-MART STORES EAST, LP i/s/h/a WAL-MART STORES, INC. is a defendant in a Civil action brought against it in the Supreme Court of the State of New York, County of Bronx, entitled:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------X
BELLA G. UY and WILLIAM UY,

                Plaintiffs,
  -against-                              Index No.: 302237/07

WAL-MART STORES, INC.,

                Defendant.
------------------------------------------------------------X

SECOND: That with its answer in the State Court, defendant served a CPLR 3017(c) demand requesting that plaintiffs set forth the amount of damages they were seeking in this matter. That plaintiffs' response, demanding $5,000,000.00., was received less than thirty (30) days prior to the date hereof. Thus, this notice of removal is timely under the provisions of 28 USC §1446(b).

THIRD: That this action seeks recovery for damages sustained as a result of personal injuries allegedly suffered by the plaintiff while on the defendant's premises.

FOURTH: The grounds for removal are that this Court has original jurisdiction pursuant to 28 § 1332(a)(1). The amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States.

FIFTH: The defendant, WAL-MART STORES EAST, LP, is a Delaware limited partnership with its corporate headquarters and principal place of business in Arkansas. WSE Investment, LLC, is the limited partner of WAL-MART STORES EAST, LP, and WSE Management, LLC is the General Partner. Both are Delaware companies with their principal places of business in Arkansas. The sole member of both limited liability companies is Wal-Mart Stores East, Inc. Wal-Mart Stores East, Inc. is a citizen of Arkansas. It is incorporated in Arkansas and its principal place of business is in Arkansas. Thus, for diversity purposes, the defendant is a citizen of Arkansas. See Carden v. Arkoma Assocs., 494 U.S. 185, 195-96, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990) (stating that, for purposes of diversity jurisdiction, limited partnerships have the citizenship of each of its general and limited partners); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir.1998) (stating that, for purposes of diversity jurisdiction, a limited liability company has the citizenship of its members).

SIXTH: That upon information and belief Plaintiff is a citizen of the State of New York,

County of Bronx.

SEVENTH: In that this action is between citizens of different states and seeks damages in excess of $75,000.00, than pursuant to 28 U.S.C.A. § 1332 and 28 U.S.C.A. § 1441 and § 1446 the case should be removed from the Supreme Court of the State of New York, County of Bronx to the United States District Court for the Southern District of New York.

Dated: Northport, New York
       April 30, 2008

                                  Yours, etc.

                                  BRODY, O'CONNOR & O'CONNOR, ESQS.
                                  Attorneys for Defendant

By: _____
       PATRICIA A. O'CONNOR (PO5645)
       7 Bayview Avenue
       Northport, New York 11768
       (631) 261-7778

TO:    LAW OFFICE OF MICHAEL S. LAMONSOFF
        Attorney for Plaintiffs
        80 Maiden Lane
        New York, New York 10038
        (212) 962-1020
        File No.: 9964

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
---------------------------------X
BELLA G. UY and WILLIAM UY,

   Plaintiff,

-against-

WAL-MART STORES, INC.,

   Defendants.
---------------------------------X

Index No.: 302237/07
Date of Purchase: 10/24/07
**AMENDED SUMMONS**

Plaintiff designates Bronx
County as the place of trial.

The basis of venue is:

Plaintiff resides at:
1842 Hunt Avenue Floor #2
Bronx, New York 10462

County of Bronx

To the above named Defendant(s):

    You are hereby summoned to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:    NEW YORK, NEW YORK
           October 8, 2007

Yours etc,

JOSHUA C. OLMSTEAD
Law Offices of Michael S. Lamonsoff
Attorneys for Plaintiffs
BELLA G. UY and WILLIAM UY
80 Maiden Lane
New York, N.Y. 10038
(212) 962-1020
Our File No. 9964

TO:  WAL-MART STORES, INC.
      702 SW. 8th Street
      BENTONVILLE, AR 72716

      WAL-MART STORES, INC.
      275 Main Street
      White Plains, New York 10601

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
----------------------------------------X
BELLA G. UY and WILLIAM UY,

    Plaintiff,

-against-

WAL-MART STORES, INC.,

    Defendants.
----------------------------------------X

Index No.: 302237/07
Date of Purchase: 10/26/07

AMENDED VERIFIED COMPLAINT

Plaintiffs, by their attorneys LAW OFFICES OF MICHAEL S. LAMONSOFF, complaining of the Defendants, respectfully allege, upon information and belief, as follows:

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF BELLA G. UY

1. That at all times herein mentioned, Plaintiffs BELLA G. UY and WILLIAM UY were and still are residents of the County of Bronx, State of New York.

2. That this action falls within one or more of the exemptions set forth in CPLR §1602.

3. That at all times herein mentioned, the Defendant WAL-MART STORES, INC., was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

4. That at all times herein mentioned, the Defendant WAL-MART STORES, INC., was and still is a foreign corporation duly authorized to do business in the State of New York by the virtue of the laws of the State of New York.

5. That at all times herein mentioned, the Defendant WAL-MART, STORES INC., owned a premises located at 275 Main Street, White Plains, New York 10601.

6. That on August 28, 2006, and at all times herein mentioned, the aforesaid premises was operated by Defendant WAL-MART STORES, INC.

7. That on August 28, 2006, and at all times herein mentioned, the aforesaid premises was managed by Defendant **WAL-MART STORES, INC.**

8. That on August 28, 2006, and at all times herein mentioned, the aforesaid premises was controlled by Defendant **WAL-MART STORES, INC.**

9. That on August 28, 2006, and at all times herein mentioned, the aforesaid premises was maintained by Defendant **WAL-MART STORES, INC.**

10. That on August 28, 2006, and at all times herein mentioned, the aforesaid premises was repaired by Defendant **WAL-MART STORES, INC.**

11. That at all times herein mentioned, the Defendants, their agents, servants and/or employees, operated a store open to the general public located at the aforesaid location.

12. That at all times herein mentioned, the Defendants, their agents, servants and/or employees, were negligent in the ownership, management, operation, control, maintenance and/or repair of the aforesaid premises, thereby creating a dangerous and defective condition.

13. That upon information and belief, Defendants, their servants, agents, and/or employees, had actual notice and/or constructive notice of the aforesaid dangerous and defective condition.

14. That at all times herein mentioned, the Defendant **WAL-MART STORES, INC.**, was under a duty to keep the aforesaid premises and store thereat in a safe, proper and secure manner, in a good repair and free from obstruction and defect.

15. That at all times herein mentioned, Defendant, their servants, agents and/or employees, were negligent in that they breached the above said duty.

16. That on August 28, 2006, Plaintiff **BELLA G. UY** was lawfully upon the aforesaid premises.

17. That on August 28, 2006, while Plaintiff was lawfully at the aforesaid premises, Plaintiff was caused to fall within the premises of the store, and sustained severe and permanent injuries.

18. The above mentioned occurrence, and the results thereof, were cause by the negligence of the Defendants and/or said Defendants' servants, agents employees and/or licensees in the ownership, operation, management, maintenance and control of the aforesaid premises.

19. That no negligence on the part of Plaintiff BELLA G. UY contributed to the occurrence alleged herein in any manner whatsoever.

20. That by reason of the foregoing, Plaintiff BELLA G. UY was caused to sustained serious injuries and to have suffered pain, shock, mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result, Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a result loss therefrom.

21. That by reason of the foregoing, Plaintiff BELLA G. UY was damaged in the amount that exceeds the jurisdictional limits of all lower courts.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF WILLIAM UY

22. Plaintiff, WILLIAM UY repeats, reiterates and realleges each and every allegation contained in the First Cause of Action with the same force and effect as though same more fully set forth at length herein.

23. The Plaintiff, WILLIAM UY was the spouse of the Plaintiff BELLA G. UY and as such was entitled to the society, services, companionship and consortium of his/her spouse, BELLA G. UY.

24. That by reason of the foregoing, the Plaintiff, WILLIAM UY was deprived of the society, services, companionship and consortium of the Plaintiff BELLA G. UY and shall forever be deprived of said society, services, companionship and consortium.

4

D  25.  That by reason of the foregoing, the Plaintiff, WILLIAM UY was damaged in an amount in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, Plaintiff BELLA G. UY demands judgment against the Defendants on the First Cause of Action in amount which exceeds the jurisdiction amount of all lower courts, together with the costs and disbursements of this action, and Plaintiff WILLIAM UY demands judgment against the Defendants on the Second Cause of Action in amount which exceeds the jurisdiction amount of all lower courts, together with the costs and disbursements of this action together with the costs and disbursements of this action

Dated: New York, New York
November 6, 2007

                      Yours, etc.,
                      LAW OFFICE OF MICHAEL S. LAMONSOFF
                      Attorneys for Plaintiff
                      BELLA G. UY
                      80 Maiden Lane
                      New York, N.Y. 10038
                      (212) 962-1020
                      Our File No. 9964

## ATTORNEY'S VERIFICATION

JOSHUA C. OLMSTEAD, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at LAW OFFICES OF MICHAEL S. LAMONSOFF, attorneys of record for Plaintiff(s) in the action within. I have read the annexed

## AMENDED COMPLAINT

and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff(s) is that Plaintiff(s) is/are not presently in the county wherein the attorneys for the Plaintiff(s) maintain their offices.

DATED:   New York, New York
         November 6, 2007

_____
JOSHUA C. OLMSTEAD

6

Index No. 302237/07

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---

BELLA G. UY,

    Plaintiff,

-against-

WAL-MART STORES, INC.,

    Defendants.

---

### SUMMONS and VERIFIED COMPLAINT

---

**LAW OFFICES OF MICHAEL S. LAMONSOFF**
*Attorneys for Plaintiff*
80 Maiden Lane
New York, N.Y. 10038
(212) 962-1020

---

TO:

## DECLARATION OF SERVICE BY MAIL

STATE OF NEW YORK )
                               )ss.:
COUNTY OF SUFFOLK )

STEPHANIE INZERILLO, hereby declares, pursuant to 28 U.S.C., Section 1746 and Local Civil Rule 1.10 of this Court, that I am not a party to the action; I am over 18 years of age and reside at Nesconset, New York 11767.

On April 30, 2008, I served the within **NOTICE OF REMOVAL** by depositing a true copy of the same enclosed in a post-paid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York, addressed to each of the following persons at the last known address set forth after each name:

    LAW OFFICE OF MICHAEL S. LAMONSOFF
    Attorney for Plaintiffs
    80 Maiden Lane
    New York, New York 10038
    (212) 962-1020
    File No.: 9964

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 30, 2008.

                                                                     STEPHANIE INZERILLO

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BELLA G. UY,

                                                                           Plaintiff,

-against-

WAL-MART STORES, INC.,

                                                                           Defendant.

## NOTICE OF REMOVAL

**BRODY, O'CONNOR & O'CONNOR, ESQS.**

*Attorneys for*

Defendant
7 BAYVIEW AVENUE
NORTHPORT, NEW YORK 11768
(631) 261-7778
FAX (631) 261-6411

Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.

Dated: .................................      Signature ........................................................................

                                    Print Signer's Name ........................................................

Service of a copy of the within                                               is hereby admitted.
Dated:

                                                                            Attorney(s) for

*PLEASE TAKE NOTICE*

[ ] NOTICE OF ENTRY
    that the within is a (certified) true copy of a
    entered in the office of the clerk of the within-named Court on                20

[ ] NOTICE OF SETTLEMENT
    that an Order of which the within is a true copy will be presented for settlement to the
    Hon.                           , one of the judges of the within-named Court,
    at
    on                     20    , at            M.

Dated:

                                               **BRODY, O'CONNOR & O'CONNOR, ESQS.**
                                      *Attorneys for*

                                                            7 BAYVIEW AVENUE
To:                                                      NORTHPORT, NEW YORK 11768
                                                            (631) 261-7778
                                                          FAX (631) 261-6411

Attorney(s) for